SMITH, Judge.
In this appeal of an order of the Public Employees Relations Commission (PERC) granting attorney’s fees, appellant takes issue with the hourly rate found to be reasonable by PERC. We reverse.
Appellant successfully prosecuted a claim of unfair labor practices and was found to be entitled to an award of attorney’s fees. After receiving evidence from the parties, PERC reduced the hourly rate claimed to be reasonable by appellant from $125.00 to $100.00 per hour. In making this determination, PERC sought to apply the standards set forth in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
In its finding as to what constituted a reasonable hourly rate, PERC relied upon two factors: First, PERC noted that the underlying claims were not “novel;” and second, that appellant’s counsel was guaranteed $55.00 per hour by appellant. As for the use of the novelty factor, Rowe explicitly provides that such a factor is to be used in determining the reasonable number of hours expended and not in determining the reasonable hourly rate. 472 So.2d at 1150-1. We cannot say the erroneous use of the novelty factor in reference to the hourly rate was harmless inasmuch as PERC also used this factor in evaluating the number of hours expended by appellant.
As to the second factor,[1] the fact that counsel for the appellant was guaranteed a portion of their hourly fee by its client overlooks the fact that the award of attorney fees is made for the direct benefit' of a prevailing party, and not for the party’s counsel. Further, we agree with appellant that this factor is in essence a finding that the fee was partially contingent. The contingent nature of a fee is not to be considered in determining the reasonable hourly rate under the express dictates of Rowe. 472 So.2d at 1151. The fact that a fee is partially contingent is a factor more properly considered in determining whether to apply a contingent fee multiplier so as to increase, rather than decrease, the hourly rate. See, Lane v. Head, 566 So.2d 508 (Fla.1990).
In its order on attorney fees, PERC observed that the appellant had submitted *14 evidence of the hourly rate charged m the relevant legal communities while the appel-lee did not. Given the existence of competent and substantial evidence that the reasonable hourly fee is $125.00 for counsel with similar expertise in the relevant legal communities, we REVERSE and REMAND with the instruction that PERC enter an award using $125.00 as the hourly rate.
REVERSED and REMANDED.
WIGGINTON, J., and WENTWORTH, Senior Judge, concur.

. During oral argument before this court, counsel for the appellee abandoned the argument made in the answer brief concerning the correctness of this second factor.